UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN XIAOZHONG WANG,

Plaintiff,

v.

CAPGEMINI AMERICA, INC., et al,

Defendants.
_______________________________/

Case No. 2:26-cv-11296
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S MOTION TO ATTACH EXHIBITS AND DECLARATION OF DR. JOHN XIAOZHONG TO THE CASE RECORD (ECF NO. 75)**

On July 29, 2026, Plaintiff filed a "Motion to Attach Exhibits and Declaration of Dr. John Xiaozhong to the Case Record" (ECF No. 75.) In his motion, Plaintiff, who is proceeding *pro se*, asks the Court for leave to "attach and incorporate the Declaration of Dr. John Xiaozhong Wang, along with Integrated Exhibits B, C, and Q, into the official docket and case record." (*Id.* at PageID.260.) Plaintiff asserts that filing these documents now "will streamline the scheduling conference, narrow discovery disputes, and ensure a complete evidentiary record before the court." (*Id.* at ¶ 2.) Plaintiff attaches his declaration to the motion, (*id.* at PageID.261) and although Plaintiff fails to attach the subject exhibits, Plaintiff describes Exhibits B and C as two separate academic journal articles and Exhibit Q as a "SpeakUp Portal Access Assistance Email Thread." (*Id.* at PageID.262-63).

For the reasons identified below, the Court concludes Exhibits B, C, and Q and the accompanying declaration are discovery materials and finds no reason to grant Plaintiff leave to file these documents to the record at this time.

The Federal Rules of Civil Procedure and this Court's local rules generally prohibit the filing of discovery materials. Federal Rule of Civil Procedure 5(d) provides that initial disclosures under Rule 26(a)(1) or (2) and "requests for documents or tangible things" must not "be filed until they are used in the proceedings or the court orders filing . . . ." Fed. R. Civ. P. 5(d)(1). Likewise, the Eastern District of Michigan Local Rules state that a party "may not file discovery material specified in Fed. R. Civ. P. 5(d)(1) . . ." unless one of four narrow exceptions permitting such filing applies. E.D. Mich. LR 26.2. Combined, these two rules make it inappropriate for a party to file evidence it seeks to use to support its claims or defenses to the docket without a court order, unless the evidence provides factual support to a motion, response or reply; has been read or otherwise used at trial or a proceeding; or, is needed for an appeal. *See* Fed. R. Civ. Pro. 5(d)(1) (restraining the filing of documents subject to initial disclosure); Fed. R. Civ. Pro. 26(a)(1)(ii) (subjecting documents a party may use to support its claims or defenses to initial disclosure); E.D. Mich. LR 26.2 (describing the limited circumstances when such materials may be filed).

Plaintiff seeks to use Exhibits B, C, and Q and his accompanying declaration

to support his claims. Plaintiff describes Exhibits B and C as articles from peer-reviewed publications and uses his declaration to explain how these articles support his case. (ECF No. 75, PageID.261-62) ("These publications . . . establish that my profession warnings were grounded in peer-reviewed science and internationally recognized standards"). Plaintiff describes Exhibit Q as an email thread demonstrating Plaintiff's "good faith attempt to access [Defendant's] compliance reporting system" and argues that Exhibit Q supports his retaliation/diligence claims. (*Id.* at PageID.262-63.) As such, these documents are discovery materials that may not be filed to the docket outside of the circumstances described in the Court's local rules. E.D. Mich. LR 26.2.

Plaintiff does not claim that any exception contemplated under the Court's local rules applies here. Plaintiff does not submit the documents in support of a motion, response, or reply. Similarly, Plaintiff has not yet read or used these documents in the proceeding or at trial. Nor has Plaintiff established that the filing of the subject documents is necessary for an impending appeal. Instead, Plaintiff asks the Court for an order directing such filing. Having found no good cause to do so, the Court declines to issue such an order here.

Although Plaintiff argues the filing of these discovery materials is necessary to "ensure a complete evidentiary record before the court," at this stage in the proceeding, this interest is outweighed by other concerns like administrative

burden, technological requirements, and cost.[1] *See* Fed. R. Civ. P 5(d) advisory committee's note to 2000 amendment (explicitly"[r]ecognizing the costs imposed on parties and courts by required filing of discovery materials that are never used in an action. . ."). Plaintiff suggests no reason why this Court should decide differently. Plaintiff's additional assertions that filing these documents will streamline the scheduling conference and narrow discovery disputes are also unconvincing. The scheduling conference has already taken place and discovery is now underway. (ECF No. 80.) Neither consideration establish good cause to file these discovery materials to the Court's docket at this juncture when such filing is

---

[1] The Federal Rules of Civil Procedure formerly required all papers mandated to be served upon a party—including discovery materials—to have been filed with the court. *See* Fed. R. Civ. P. 5(d) (1977) (amended 1980). However, by 1980, the advisory committee had found the financial and administrative burden of such filings often outweighed the utility of the requirement. *See* Fed. R. Civ. P. (5) advisory committee's note to 1980 amendment (noting that often "no use is made of the [discovery] materials after they are filed" and balancing the costs of filing such materials with the interests of the court, litigants, and public in having access to them). Balancing these concerns, the Rules were amended to give courts the discretion to restrain such filing. Pursuant to the 1980 amendments, filing was still required, but courts could enter orders prohibiting the filing of discovery material on their own accord. Fed. R. Civ. P. 5(d) (1980) (amended 1991). Many districts adopted local rules forbidding filing. Fed. R. Civ. P. (5) advisory committee's note to 2000 amendment.

By 2000, the advisory committee abandoned the filing requirement as applied to certain discovery materials altogether and expressly prohibited the filing of such materials until they had been "used in the proceeding." Fed. R. Civ. P 5(d).

otherwise prohibited.

Nothing in this order should be interpreted to prohibit Plaintiff from filing these documents for a purpose expressly permitted under the Federal Rules of Civil Procedure, Judge Parker's or the undersigned's practice guidelines, or this Court's local rules. However, the Court notes that this is not Plaintiff's first motion seeking leave to file evidence to docket that the Court has denied after explaining that "discovery materials are not submitted on the docket unless filed in support of or in opposition to a pending motion." (*See* ECF No. 11 at PageID.46) (denying Plaintiff's "Motion to File Supplemental Evidence" (ECF No. 9)); (*see also* ECF Nos. 40, 80) (revoking Plaintiff's *pro se* document upload privileges after Plaintiff continued to file discovery material to the docket.) Plaintiff has been instructed that, "Parties are not permitted to simply plow into the docket whatever evidence or support they think they have for their case whenever they so choose." (ECF No. 80, PageID.284.) Plaintiff is again **WARNED** that generally speaking, only pleadings (as defined by Fed. R. Civ. P. 7(a)), motions, responses, and replies are allowed to be filed on the docket. Letters, evidence, discovery requests, discovery responses, academic articles, general "notices", and sur-replies are **NOT PERMITTED**, unless specifically authorized by the Court. Additional filings of evidence on the docket not associated with a pending motion or response brief will be **STRICKEN** without further reasoning or explanation, as Plaintiff has already

taken an outsized share of the Court's attention in dealing with these random filings or requests to make random filings.

Accordingly, Plaintiff's Motion to Attach Exhibits and Declaration of Dr. John Xiaozhong to the Case Record (ECF No. 75) is **DENIED**.

It is **SO ORDERED**.

Dated: October 16, 2026

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE